WHATLEY, Judge.
Jose Sanchez appeals his conviction of possession of marijuana. He contends the trial court erred in denying his motion to suppress. We agree and reverse.
At approximately 9:25 p.m. on September 23,1995, Officer John Milligan of the Pinellas Park Police Department was in a marked police cruiser sitting in line at a McDonald’s drive-thru when he observed a vehicle parked behind a closed furniture store. A man was standing outside the vehicle and appeared to be holding a type of cigarette between his thumb and index finger. Based upon both the way the man was holding the cigarette and how he was inhaling it, Officer Milligan believed it might be a marijuana cigarette. Officer Milligan was not close enough to smell whether the individual was smoking marijuana.
Officer Milligan notified Officer Jim Rex-road, who was in plain clothes in a black pickup truck, and had him drive by in his unmarked vehicle. Officer Rexroad also observed the man standing outside the vehicle, but he could not smell the cigarette the man was smoking. He directed Officer Tim Find-lay, who was in a marked police cruiser, to check out a suspicious vehicle parked behind the furniture store. Officer Rexroad’s direction included a code for possible drug use by the person standing outside the vehicle.
Officer Findlay proceeded to the parking lot behind the furniture store but found no vehicle. He cleared the call with a code for no report. As he exited the premises through the driveway out to U.S. 19, Officer Findlay came upon a parked vehicle. He observed the driver, Jose Sanchez, go to start the vehicle. Officer Findlay activated his overhead lights “to find out what they were doing in that area.” Once he saw that Sanchez was not trying to drive away, Officer Findlay approached him and asked what he was doing there. Officer Findlay then talked to the front seat passenger. While he was doing so, Officer Milligan arrived on the scene and removed the rear seat passenger, the man whom he had observed smoking outside the vehicle. After smelling a strong odor of marijuana on this individual and seeing a small weight scale and plastic baggies sticking out from under the driver’s seat, Officer Milligan decided he had probable cause to search the vehicle. The search revealed approximately 109 grams of marijuana.
Sanchez filed a motion to suppress the marijuana, the scales, and the statements he made. He alleged that the stop of his vehicle was illegal and that there was no probable cause for the search of the vehicle. The trial court denied the motion, ruling that it was dispositive of the case. Sanchez then entered a plea of nolo contendere, specifically reserving the right to appeal the denial of the motion to suppress.
Officer Findlay did not have the requisite well-founded, articulable suspicion of criminal activity necessary to justify the stop of Sanchez’s vehicle. Popple v. State, 626 So.2d 185 (Fla.1993). Officer Findlay testified that when he came upon Sanchez’s vehicle, he did not observe any ongoing or imminent criminal activity. He stated that he was trying to ascertain the purpose of the vehicle’s presence in that location; he never stated he was investigating possible drug use. There was *1251 no testimony at the suppression hearing regarding whether, when he directed Officer Findlay to investigate, Officer Rexroad gave Findlay a description of the vehicle or the man who was allegedly smoking marijuana. Officer Findlay’s testimony indicates that he apparently made no connection between that vehicle and Sanchez’s. Even if Officer Find-lay had made a connection between the two vehicles, we do not believe he had founded suspicion to stop Sanchez’s vehicle because of his testimony that he did not observe anything suspicious.
We hold that the stop of Sanchez’s vehicle was illegal and that the motion to suppress should have been granted. In light of that holding, we need not reach the issue of the search of the vehicle. Accordingly, we reverse Sanchez’s conviction and remand with directions that he be discharged.
Reversed and remanded.
THREADGILL, AC.J., and BLUE, J., concur.